**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00605-WJM-MEH

CANDELARIA MORENO-GUTIERREZ,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services,
PERRY RHEW, Chief, Administrative Appeals Office, U.S. Citizenship and Immigration Services, and
DANIEL RENAUD, Director, Vermont Service Center, U.S. Citizenship and Immigration Services,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS MOOT, DENYING PLAINTIFF'S MOTION TO AMEND AND
GRANTING DEFENDANTS' MOTION TO DISMISS**

---

In this immigration case, Plaintiff Candelaria Moreno-Gutierrez asks the Court to review a number of decisions made by Defendants Janet Napolitano, Alejandro Mayorkas, Perry Rhew, and Daniel Renaud (collectively "Defendants") with respect to her I-360 self-petition for classification as a battered spouse of a lawful permanent resident. (ECF No. 3.)

### I. BACKGROUND AND PROCEDURAL HISTORY

The facts set forth below are taken from the record and are not in dispute. Plaintiff Candelara Moreno-Gutierrez is a native and citizen of Mexico. (Complaint (ECF No. 3) ¶ 18.) She married Felipe Gutierrez-Avila in Mexico in July 2000. (*Id*. ¶ 19.) At the time of the marriage, Gutierrez-Avila was a lawful permanent resident of the

United States. (*Id*. ¶ 20.) Plaintiff entered the United States without inspection. (ECF No. 3 at 57.)

As a result of two domestic violence convictions in 2004, Mr. Gutierrez-Avila lost his status as a lawful permanent resident of the United States. (Compl. ¶ 23.) Plaintiff assisted with the prosecution of Mr. Gutierrez-Avila and, as a result of this assistance, filed a petition for classification as a battered spouse under the Violence Against Women Act ("Petition"). Due to attorney oversight, Plaintiff's Petition was filed on July 13, 2006—five days after the two-year time limitation for such petitions set forth in 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa). (*Id*. ¶ 25.)

On October 10, 2007, the USCIS issued a Notice of Intent to Deny Plaintiff's Petition on the grounds that her qualifying relationship to Mr. Gutierrez-Avila did not exist within the two-year statutory deadline. (*Id.* ¶ 28.) Plaintiff sought reconsideration of this denial arguing that the lateness of her petition was excusable neglect because it was the result of ineffective assistance of counsel. USCIS denied reconsideration based on its position that the two-year statutory deadline was not subject to any exceptions or tolling. (*Id*. ¶ 29.)

On November 7, 2008, Plaintiff filed a timely appeal of USCIS's denial of her Petition with USCIS's Administrative Appeals Office ("AAO"). (*Id*. ¶ 32.) On May 26, 2009, the AAO dismissed Plaintiff's appeal holding: (1) Plaintiff had not met the requirement for establishing ineffective assistance of counsel; (2) the two-year time limitation in § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa) was a statute of repose and, therefore, not subject to equitable tolling; and (3) even if it were subject to equitable tolling,

Plaintiff had not shown that she exercised due diligence in pursuing her claim. (*Id*. ¶ 32.)

On March 5, 2010, Plaintiff filed her Complaint seeking the following: (1) a declaration that the two-year limitation set forth in § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa) is subject to equitable tolling; (2) a declaration that ineffective assistance can equitably toll the two-year deadline; (3) a declaration that Bureau of Immigration Affairs's ("BIA") substantive and documentary requirements for ineffective assistance of counsel do not apply to proceedings before USCIS; or, in the alternative, (4) a declaration that BIA's requirements for ineffective assistance of counsel do not require strict compliance when an attorney admits she was ineffective; (5) a declaration that Plaintiff is a battered spouse pursuant to 8 U.S.C. § 1154(a)(1)(B)(ii)(I); (6) a *writ of mandamus* compelling Defendants to reopen her Petition; and (7) reasonable costs and attorney's fees under the Equal Access to Justice Act. (*Id*. pp. 15-16.)

In lieu of an answer, Defendants filed a Motion to Dismiss arguing that the two-year deadline was a statute of repose and, therefore, they lacked discretion to toll the deadline, even if Plaintiff was a victim of ineffective assistance of counsel. (ECF No. 20.) On June 24, 2011, the Court denied Defendants' Motion to Dismiss and held that the two-year deadline was a statute of limitation subject to equitable tolling. (ECF No. 39.) Because the issue was not raised in the Motion to Dismiss, the Court explicitly left unanswered the question of whether Plaintiff had established that she was entitled to have her two-year deadline equitably tolled.

Plaintiff then filed a Motion for Summary Judgment asking the Court to determine, as a matter of law, that Defendants should have equitably tolled the two-

year deadline and granted her Petition. (ECF No. 46.) Shortly after Plaintiff's Motion for Summary Judgment was filed, the case was stayed to allow the parties to explore settlement. (ECF No. 47.) Because the parties were not able to finalize a settlement, the Court lifted the stay on February 22, 2012. (ECF No. 54.)

Outside of this Court proceeding, Defendants were taking action on Plaintiff's Petition. On March 7, 2012, based on the Court's ruling that the two-year deadline was a statute of limitation subject to equitable tolling, Defendant Rhew vacated the prior denial of Plaintiff's Petition and remanded it to USCIS for reconsideration. (ECF No. 57-1 at 3-4.) On March 15, 2012, USCIS granted Plaintiff's Petition. (*Id*. at 5.)

Defendants then filed a Motion to Dismiss arguing that Plaintiff's claims were moot because her Petition had been granted. (ECF No. 57.) Plaintiff acknowledged the mootness of the claims related to the merits of her Petition but argued that her case overall was not moot because her Petition was granted as of March 15, 2012 rather than *nunc pro tunc* to shortly after October 10, 2007—the date her Petition was originally denied. (ECF No. 59.) In their reply brief, Defendants raised three arguments: (1) Plaintiff did not seek *nunc pro tunc* relief in her Complaint; (2) under the relevant statute, Defendants do not have the authority to grant Plaintiff's Petition *nunc pro tunc*; and (3) even if they possessed such authority, Plaintiff was not entitled to have her Petition granted *nunc pro tunc*. (ECF No. 60.)

Plaintiff then filed a Motion to Amend seeking to amend her Complaint to explicitly request that her Petition be granted *nunc pro tunc* to October 2007. (ECF No. 63.) Defendants opposed the Motion to Amend and contended that Plaintiff's proposed amendment would be futile. (ECF No. 145.)

-4-

## II.  ANALYSIS

Before the Court are the following: (1) Plaintiff's Motion for Summary Judgment (ECF No. 46); (2) Defendants' Motion to Dismiss (ECF No. 57); and (3) Plaintiff's Motion to Amend (ECF No. 63).  The Court will first address the Motion for Summary Judgment and will then address the Motion to Dismiss and Motion to Amend together, as they are inextricably intertwined.

### A.     Motion for Summary Judgment

Plaintiff moves for summary judgment arguing that there is no factual dispute as to whether her Petition should have been granted.  (ECF No. 46.)  Plaintiff's Motion for Summary Judgment was filed before Defendants re-opened, re-adjudicated, and granted her Petition.  Because Plaintiff has now received the relief sought in the Motion,[1] the Court finds that Plaintiff's Motion for Summary Judgment is moot.  *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Veal v. Jones*, 349 F. App'x 270 (10th Cir. 2009) (plaintiff's claim was moot because he had "already received the precise remedy he requested.").  Plaintiff's Motion for Summary Judgment is denied on this basis.

### B.     Motion to Dismiss and Motion to Amend

Defendants move to dismiss this action arguing that Plaintiff has received the relief sought in her Complaint and it is therefore moot.  (ECF No. 57.)  Plaintiff admits that many of her claims are moot but argues that the issue of whether her Petition

---

[1] Plaintiff's Motion for Summary Judgment does not address whether her Petition should have been granted *nunc pro tunc*.

should have been granted *nunc pro tunc* to on or about November 2007 remains pending. (ECF No. 59.)

In the briefing on the Motion to Dismiss, the parties dispute whether Plaintiff's original Complaint included a request for *nunc pro tunc* relief.  Plaintiff thereafter filed her Motion to Amend seeking to explicitly add "the provision of *nunc pro tunc* adjudication of her delayed application for adjustment of status" to her request for relief. (ECF No. 63.)  Plaintiff also seeks to amend her Complaint to enlarge her request for a writ of mandamus to include "ordering Defendants to accord Plaintiff's application for adjustment of status the adjudication date she would have been entitled to but for Defendants' errors in adjudicating the underlying battered spouse immigrant petition." (*Id.*)

With respect to Plaintiff's Motion to Amend, the parties disagree as to whether the proposed alterations to the Complaint should be considered an amendment pursuant to Federal Rule of Civil Procedure 15(a) or a supplement governed by Rule 15(d).  The Court need not resolve this dispute because under either section, a proposed change to a pleading may be denied when the proposed change would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend under Rule 15(a) may be denied when it would be futile); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (applying the *Foman* standard to Rule 15(d)).

A motion to amend would be futile "when the proposed amended complaint would be subject to dismissal for any reason. . . ." *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).  Thus, a court may generally deny leave to amend where the proposed amendments fail to state a claim for relief

pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim ....").

Here, Defendants contend that granting leave to amend would be futile for two reasons: (1) Defendants lack the authority to grant the Petition *nunc pro tunc*; and (2) Plaintiff would not be entitled to have her Petition granted *nunc pro tunc*.  (ECF No. 60 at 6-9.)  For purposes of brevity, the Court assumes—without deciding—that Defendants have the authority to grant Plaintiff's Petition *nunc pro tunc*.  However, for the reasons set forth below, the Court finds that amendment would be futile because Plaintiff categorically does not qualify for *nunc pro tunc* relief.

*Nunc pro tunc* relief is "an equitable power to grant an order now as if it were granted sometime in the past."  *Ramirez–Canales v. Mukasey*, 517 F.3d 904, 910 (6th Cir. 2008).  In the immigration context, courts have held that *nunc pro tunc* relief is available only when both of the following circumstances are met: (1) such relief is necessary "to put the victim of agency error in the position he or she would have occupied but for the error"; and (2) "where agency error would otherwise result in an alien being deprived of the opportunity to seek a particular form of deportation relief." *Edwards v. Immigration & Naturalization Serv.*, 393 F.3d 299, 309 (2d Cir. 2004); *see also Batanic v. I.N.S.*, 12 F.3d 662, 667 (7th Cir. 1993).

By her own admission, Plaintiff does not satisfy the second prong of this standard.  The "particular form of relief" that Plaintiff seeks in this case is the ability to apply to become a United States citizen, which she may not do until she has been a lawful permanent resident for at least five years.  (ECF No. 59 at 4 ("If Defendants

-7-

receive and process Ms. Moreno-Guitierrez's adjustment application without any regard to the delay caused by their own erroneous legal interpretation, then she will not be eligible for citizenship until sometime in mid-2017, at the earliest.").)

Significantly, Plaintiff does not allege that, absent grant of her Petition *nunc pro tunc*, she will be deprived of the opportunity to apply for citizenship. Rather, the only harm she alleges is that she will be forced to wait an additional five years before becoming eligible to apply for citizenship. Because Plaintiff's ability to apply for citizenship is only delayed (and not denied) by the date on which her Petition is approved, she does not qualify for *nunc pro tunc* relief. *See Panchishak v. U.S. Dep't of Homeland Sec.*, 2010 WL 3958772, *3 (S.D.N.Y. Sept. 29, 2010) (denying *nunc pro tunc* relief where plaintiff had alleged only a delay in his ability to apply for citizenship).

Because Plaintiff has not alleged any facts showing that she has been deprived of the opportunity to become a United States citizen, her proposed amendment fails to state a claim for granting her Petition *nunc pro tunc*. *Edwards*, 393 F.3d at 309. Therefore, the Court finds that it would be futile to allow such amendment and Plaintiff's Motion to Amend is denied.

In their briefing, the parties agreed that the sole issue remaining in this case was whether Plaintiff was entitled to have her Petition granted *nunc pro tunc*. Because the Court has held that Plaintiff is not eligible for *nunc pro tunc* relief, there is no issue remaining for this Court to rule on. The Court's jurisdiction at all stages depends on a live controversy. *Beattie v. United States*, 949 F.2df 1092, 1093 (10th Cir. 1991) ("the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts."). Because there is no live case or controversy remaining here,

the Court lacks jurisdiction over this action and Defendants' Motion to Dismiss is GRANTED.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (ECF No. 46) is DENIED;

2. Plaintiff's Motion to Amend (ECF No. 63) is DENIED;

3. Defendants' Motion to Dismiss (ECF No. 57) is GRANTED; and

4. Given the intervening actions taken by Defendants to grant Plaintiff's Petition, Plaintiff's claims are DISMISSED as MOOT.

Dated this 12th day of June, 2012.

BY THE COURT:

William J. Martinez
United States District Judge