**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00605-WJM-MEH

CANDELARIA MORENO-GUTIERREZ,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services,
PERRY RHEW, Chief, Administrative Appeals Office, U.S. Citizenship and Immigration Services, and
DANIEL RENAUD, Director, Vermont Service Center, U.S. Citizenship and Immigration Services,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND OTHER EXPENSES UNDER THE EAJA**

---

Plaintiff Candelaria Moreno-Gutierrez ("Plaintiff") brought this action against Defendants Janet Napolitano, Alejandro Mayorkas, Perry Rhew, and Daniel Renaud (collectively "Defendants"), arising out of the denial of her I-360 self-petition for classification as a battered spouse of a lawful permanent resident on the basis that her petition was untimely.  (ECF No. 3.)  (Compl. (ECF No. 3).)

Before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Other Expenses Under the Equal Access to Justice Act ("Motion").  (ECF No. 69.)  For the reasons set forth below, the Motion is granted in so far as it seeks an award of fees but denied as to the amount of fees sought.

## I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).  A district court has significant discretion in determining the amount of fees

## II.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Candelaria Moreno-Gutierrez is a native and citizen of Mexico. (Complaint (ECF No. 3) ¶ 18.)  She married Felipe Gutierrez-Avila in Mexico in July 2000.  (*Id*. ¶ 19.)  At the time of the marriage, Mr. Gutierrez-Avila was a lawful permanent resident of the United States.  (*Id*. ¶ 20.)

Mr. Gutierrez-Avila was convicted of domestic violence against Plaintiff in May 2004 and again in June 2004.  (*Id*. at 28 & 28.)  Plaintiff obtained a protection order on both occasions.  (*Id*. at 26-27.)  Because of these convictions, Mr. Gutierrez-Avila was ordered removed by an immigration judge on July 9, 2004.  (Compl. ¶ 23.)  Thus, as of July 9, 2004, Mr. Gutierrez-Avila lost his status as a lawful permanent resident of the United States.

On February 22, 2006, with the assistance of a victim's rights organization, Plaintiff retained the services of Colorado Legal Services attorney Jennifer Lee.  (*Id*. ¶ 23.)  Ms. Lee submitted Plaintiff's I-360 self-petition (the "Petition") for classification as a battered spouse of a lawful permanent resident on July 13, 2006—five days after the two-year time limitation set forth in 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa). (*Id*. ¶

25.) Accompanying Plaintiff's Petition was a letter from Ms. Lee acknowledging that the Petition was filed late and stating that the timing of the Petition was due to administrative error and "entirely the fault of our office." (*Id.*)

On June 19, 2007, USCIS issued a Notice of Intent to Deny ("NOID") Plaintiff's Petition on the grounds that her qualifying relationship to Mr. Gutierrez-Avila did not exist within the two-year statutory deadline. (*Id.* ¶ 28.) Ms. Lee then provided USCIS with additional information accepting total responsibility for the lateness of Plaintiff's Petition. The documentation included an affidavit from a paralegal at Colorado Legal Services explaining that Plaintiff had completed her Petition in March 2006 but the paralegal had inadvertently forgotten to mail it until July 2006. (*Id.*)

On October 10, 2007, USCIS denied the Petition, concluding that the two-year statutory deadline was not subject to any exceptions or tolling. (*Id.* ¶ 29.) Plaintiff obtained new counsel and filed a motion to reopen and reconsider. (*Id.* ¶ 30.) On October 7, 2008, USCIS reopened the matter and affirmed the prior denial on the same grounds. (*Id.* ¶ 31.)

On November 7, 2008, Plaintiff filed a timely appeal of USCIS's denial of her Petition with USCIS's Administrative Appeals Office ("AAO"). (*Id.* ¶ 32.) On May 26, 2009, the AAO dismissed Plaintiff's appeal, holding: (1) Plaintiff had not met the requirement for establishing ineffective assistance of counsel; (2) the two-year time limitation in § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa) was a statute of repose and, therefore, not subject to equitable tolling; and (3) even if it were subject to equitable tolling, Plaintiff had not shown that she exercised due diligence in pursuing her claim. (*Id.* ¶

32.)

Plaintiff then initiated this action by filing a Complaint seeking the following: (1) a declaration that the two-year limitation set forth in § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa) is subject to equitable tolling; (2) a declaration that ineffective assistance can equitably toll the two-year deadline; (3) a declaration that Bureau of Immigration Affairs's ("BIA") substantive and documentary requirements for ineffective assistance of counsel do not apply to proceedings before USCIS; or, in the alternative, (4) a declaration that BIA's requirements for ineffective assistance of counsel do not require strict compliance when an attorney admits she was ineffective; (5) a declaration that Plaintiff is a battered spouse pursuant to 8 U.S.C. § 1154(a)(1)(B)(ii)(I); (6) a *writ of mandamus* compelling Defendants to reopen her Petition; and (7) reasonable costs and attorney's fees under the Equal Access to Justice Act. (*Id*. pp. 15-16.)

In lieu of an answer, Defendants filed a Motion to Dismiss arguing that the two-year deadline was a statute of repose and, therefore, they lacked discretion to toll the deadline, even if Plaintiff was a victim of ineffective assistance of counsel. (ECF No. 20.) On June 24, 2011, the Court denied Defendants' Motion to Dismiss and held that the two-year deadline was a statute of limitation subject to equitable tolling ("Limitation Order"). (ECF No. 39.)

On March 7, 2012, based on the Court's ruling that in the Limitations Order, Defendant Rhew vacated the prior denial of Plaintiff's Petition and remanded it to USCIS for reconsideration. (ECF No. 57-1 at 3-4.) On March 15, 2012, USCIS granted Plaintiff's Petition. (*Id*. at 5.) Defendants then filed a Motion to Dismiss Plaintiff's claims as moot based on the fact that her Petition had been granted. (ECF No. 57.)

The Court found that Plaintiff's claims were moot and therefore granted the Motion to Dismiss. (ECF No. 67.)

On September 10, 2013, Plaintiff filed the instant Motion seeking attorneys' fees and costs pursuant to EAJA. (ECF No. 69.)

### III. ANALYSIS

"Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Defendants challenge the first two prongs of this test and also argue that, because Plaintiff was represented by counsel *pro bono*, she has not "incurred" any fees for purposes of the EAJA. Finally, Defendants alternatively argue that, if Plaintiff is entitled to recover some fees, the Court should not award the amount of fees requested.[1] (ECF No. 72.) The Court will address each of these arguments in turn below.

**A.    Prevailing Party**

To recover fees under the EAJA, Plaintiff must be the "prevailing party." 28 U.S.C. § 2412(d)(1)(A). A "prevailing party" is a party who is benefitted by a court order

---

[1] Defendants also contend that the Court should deny Plaintiff's Motion on the basis that Plaintiff failed to comply with the Court's meet-and-confer requirements. *See* D.C.COLOLCivR 7.1A. Plaintiff admits that she failed to comply with this requirement. While the Court would typically deny the Motion on this basis, this Motion was filed over nine months ago and, at this point, the interests of justice warrant consideration of the merits of the Motion. To deny the Motion and require Plaintiff to re-file after conferral would exalt form over substance. However, the Court will not be so lenient on counsel in the future. Conferral is required even when counsel believes it would be futile.

that causes a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 604 (2001). Such an order must cause a plaintiff to "receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* at 603. Additionally, a voluntary change in the defendant's conduct does not entitle a plaintiff to prevailing party status; there must be some "judicial imprimatur on the change." *Id.* at 601.

Defendants argue that Plaintiff was not the prevailing party here because "[t]he Court did not order USCIS to determine the merits of the petition in any certain way." (ECF No. 72 at 8.) Defendants contend that the Court's order finding that the two-year filing deadline was a statute of limitations rather than a statute of repose "provided no instructions to USCIS to exercise its discretion in tolling the statute and re-opening the petition, to act by a certain deadline, or to grant the petition." (*Id.*)

If the only relief requested in Plaintiff's Complaint was the granting of her self-petition, the Court would likely agree with Defendant's argument because no part of the Court's Limitations Order was directed at the merits of Plaintiff's self-petition. However, while the granting of Plaintiff's self-petition was the ultimate relief sought, it was not the only relief pled in Plaintiff's Complaint. A party need not succeed on all claims in order to be the prevailing party; rather, the only requirement is that "*some* relief on the merits of his claim" is achieved. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (emphasis added).

In this case, Plaintiff specifically requested that the Court "[d]eclare that Plaintiff's filing of a battered spouse self-petition under 8 U.S.C. § 1154(a)(1)(B)(ii)(I) outside of the two year filing window at 8 U.S.C. § 1154(a)(1)(B)(ii)(II0(aa)(CC)(aaa) is subject to

equitable tolling."  (Compl. pp. 15-16.)  In the Limitations Order, the Court held:

> Having reviewed the text of the statute, the statute's legislative history, as well as relevant case law, the Court concludes that: (a) Congress intended § 1154(a)(1)(B)(ii)(II)(CC)(aaa)'s two-year deadline to function as a statute of limitation subject to equitable tolling, and (b) the AAO's construction of the statutory provision at issue here was not in accordance with the law, within the meaning of the APA, 5 U.S.C. § 706(2)(A).

(ECF No. 39 at 16-17.)  Although not phrased as a "declaration" or a "declaratory judgment", the Court's Limitations Order plainly granted Plaintiff the relief she requested in that it held, as a matter of law, that the two-year filing window was a statute of limitation and therefore subject to equitable tolling.  (*Id.*)

Plaintiff asked the Court to make a legal determination on five issues.  (Compl. pp. 15-16.)  While the Court only had the opportunity to address one of these issues—whether the two-year filing period was a statute of limitation or repose—it ruled in Plaintiff's favor on that issue.  (ECF No. 39 at 17.)  The Court finds that this is sufficient to meet the requirement that Plaintiff have received "some relief" on the merits of her claims.

Additionally, the Court disagrees with Defendants' contention that any change in the parties' status was due to their own unilateral actions/decisions and did not have judicial backing.  Before the Court's Limitations Order, USCIS had denied Plaintiff's self-petition as untimely and showed no intention of reopening or reconsidering its ruling.  USCIS reopened Plaintiff's self-petition only after the Court's Limitation Order informed USCIS that its interpretation of the two-year filing period was "not in accordance with the law".  The issuance of the Limitations Order is the "judicial imprimatur" that distinguishes this case from other "catalyst theory" cases in which the

plaintiff did not receive any judicial ruling in their favor.  *See, e.g., Buckhannon*, 532 U.S. at 601 (plaintiff not prevailing party where case was mooted by legislature's change of the law before any legal ruling could be issued).

Accordingly, the Court finds that Plaintiff is the prevailing party for purposes of the EAJA.

**B.     Whether Defendants' Position was Substantially Justified**

Defendants also contend that Plaintiff is not entitled to attorneys' fees because Defendants' position (and that taken by the AAO in the proceedings below) was substantially justified.  (ECF No. 72 at 10.)  Defendants contend that interpretation of the two-year filing deadline was a "close and complex question" and that the AAO's interpretation of the deadline as a statute of repose was reasonable.  (*Id*. at 11-12.)

To be substantially justified, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In this circuit, the test for substantial justification is expressed as "reasonableness in law and fact."  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The EAJA requires that the substantial justification test apply to both the position of the United States taken during litigation, as well as the "the action or failure to act by the agency upon which the civil action is based."  *Id.* (citing 28 U.S.C. § 2412(d)(2)(D)).

The AAO's interpretation of the two-year filing deadline as a statute of repose was based primarily on its interpretation of two Ninth Circuit cases: *Munoz v. Ashcroft*, 330 F.3d 950 (9th Cir. 2003) and *Albillo-DeLeon v. Gonzales*, 410 F.3d 1090 (9th Cir. 2005).  Both of these cases involved interpretation of different provisions of the

-8-

Nicaraguan Adjustment and Central American Relief Act ("NACARA"). In *Munoz*, the Ninth Circuit held that the statutory cut-off for filing a request for "special rule cancellation" was a statute of repose because "[i]t is fixed by statute and unrelated to any variable." 330 F.3d at 956-57. In *Albillo-DeLeon*, the Ninth Circuit interpreted a different section and held that it was a statute of limitation subject to equitable tolling because "it does not identify a specific cutoff date by which a petitioner must file his or her motion." 410 F.3d at 1098. The court also noted that § 203(c) was intended to apply only to a small group of immigrants and did not involve a threshold condition for NACARA eligibility. *Id*. at 1097.

Relying on the distinction between these cases, the AAO determined that the Violence Against Women Act's ("VAWA") two-year filing deadline was a statute of repose because the three factors relied upon by the Ninth Circuit in *Albillo-DeLeon* did not apply. (ECF No. 3 at 60-61.) The Court finds that this was not a reasonable way to analyze this legal issue. Plaintiff's brief in support of her appeal before the AAO noted that her petition arose in the Tenth Circuit and cited Tenth Circuit case law applying a presumption of equitable tolling to immigration statutes. (*Id*. at 48 (citing *Riley v. INS*, 310 F.3d 124, 135 (10th Cir. 2002).) The AAO did not discuss any Tenth Circuit case law in its decision.

Defendants contend that their reliance on non-Tenth Circuit authority was reasonable because both *Albillo-DeLeon* and *Munoz* "involved the interpretation of immigration benefit statutes and were more analogous to the facts of this case." (ECF No. 72 at 12.) But there is no principle of statutory construction that requires—or even encourages—a court interpreting a statute to look at cases interpreting different

statutes in the same field or subject matter area.  Defendants have failed to come forward with a reasonable basis for giving more weight to the Ninth Circuit's interpretation of a *different* immigration statute than Tenth Circuit case law on statutory interpretation, specifically the distinction between a statute of limitation and a statute of repose.

Moreover, even if the AAO correctly relied on the Ninth Circuit case law, its analysis of the limitations vs. repose issue under such law was not reasonable.  In the Ninth Circuit, the distinction between statutes of limitation and statutes of repose has been described as follows:

> "Statutes of limitation are primarily designed to assure fairness to defendants and to promote the theory that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Albillo–DeLeon*, 410 F.3d at 1095 (internal quotations and citations omitted).  In essence, "such limitations relieve courts of the burden of adjudicating stale claims when a plaintiff has slept on his rights."  *Id.*
>
> On the other hand, a statute of repose is a "fixed, statutory cutoff date, usually independent of any variable, such as claimant's awareness of a violation."  *Munoz*, 339 F.3d at 957.  "A statute of repose cuts off a cause of action at a certain time irrespective of the time of accrual of the cause of action."  *Weddel v. Sec'y of Health & Human Servs.*, 100 F.3d 929, 931 (9th Cir. 1996).  Perhaps the most distinguishing characteristic of a statute of repose is that it establishes "an outer date for bringing an action" instead of a variable period of time during which a plaintiff must assert her claim.  *Id.*  Thus, we have noted that statutes of repose act "'as the endpoint of the definite time period in which Congress would permit a specific class of potential annuitants to file applications,'" which function "'as a condition defining and closing the class.'"  *Id*. (quoting *Iacono v. Office of Pers. Mgmt.*, 974 F.2d 1326, 1328 (Fed. Cir. 1992)).

*Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1048-49 (9th Cir. 2008).

Even under this case law, therefore, the only reasonable interpretation of VAWA's two-year filing deadline is that it is a statute of limitation rather than a statute of repose. The key to the Ninth Circuit's holding that the deadline in *Munoz* was a statue of repose was that it was "fixed by statute and unrelated to any variable." 339 F.3d at 957. This is clearly distinguishable from VAWA's two-year deadline, which runs from the time that the petitioner's spouse loses status. *See* 8 U.S.C. § 1154(a)(1)(B)(ii)(II)(aa)(CC)(aaa). The triggering date is not unrelated to the relief requested; rather, the self-petitioner is only eligible for relief under this section because she was the victim of an incident of domestic violence perpetrated by her spouse. 8 U.S.C. § 1154(a)(1)(B)(ii)(I)(bb). Therefore, even under Ninth Circuit case law, this two-year deadline was more akin to a statute of limitation than a statute of repose.

Defendants argue that "a reasoned disagreement does not equal a lack of substantial justification." (ECF No. 72 at 12.) The Court generally agrees with this statement but does not believe that the Defendants' position here constituted a "reasoned disagreement". The AAO in the decision below, and Defendants in this action, both advocated for application of the wrong case law and argued that it be applied in the wrong manner. These arguments do not show that Defendants' position was reasonable in law and fact. Accordingly, the Court does not find that Defendants have met their burden of showing substantial justification such that Plaintiff's request for EAJA fees should be denied.

## C. Whether Plaintiff "Incurred" Any Fees

Defendants next argue that, because Plaintiff's counsel admittedly took on the

-11-

representation of Plaintiff *pro bono*, Plaintiff did not "incur" any legal fees for purposes of the EAJA and, therefore, Plaintiff is not entitled to recover for any fees. (ECF No. 72 at 13.) Unsurprisingly, Defendants cite no authority supporting this contention. The Supreme Court has held that "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). In *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984), the court ruled that the EAJA's legislative history supported the conclusion that awards in *pro bono* matters were contemplated by Congress. That history stated: "[T]he computation of attorney fees should be based on prevailing market rates without reference to the fee arrangements between the attorney and client." *Id.* at 986 (quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess. 15, reprinted in 1980 U.S. Code Cong. & Ad. News 4994). Other circuits have similarly awarded EAJA fees to attorneys or organizations that have taken on a representation *pro bono*. *See United States v. Claro*, 579 F.3d 452, 465 (5th Cir. 2009); *Watford v. Heckler*, 765 F.2d 1462, 1567 n.6 (11th Cir. 1985); *Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997).

Accordingly, the Court categorically rejects Defendants' contention that Plaintiff is not entitled to recover fees under the EAJA because she was represented by *pro bono* counsel. Because Plaintiff has shown that she was the prevailing party and Defendants have failed to show that their position was substantially justified, the Court will award Plaintiff fees under the EAJA.

**D.     Amount of Fees**

Having found that Plaintiff is entitled to an award of fees, the only issue

remaining is the amount of such fee award. Defendants raise two arguments in this regard: (1) Plaintiff has not shown any entitlement to a rate other than the statutory rate of $125 per hour; and (2) Plaintiff's fee award should be based on only those hours related to the issue on which she prevailed, *i.e.* whether the two-year filing deadline was a statute of limitation or a statute of repose. (ECF No. 72 at 13-15.) The Court will discuss each of these issues below.

    1.    <u>Hourly Rate</u>

The EAJA provides: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . (2) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Invoking this provision, Plaintiff seeks an increased fee of $250 per hour for attorney Mark Barr and $325 per hour for attorney Laura Lichter based on their expertise in immigration law. (ECF No. 69 at 12.) In the alternative, Plaintiff seeks increased fees due to the increase in the cost of living since 1996 (when the rate was set at $125 per hour) at a multiplier of 1.474, which would equal approximately $185 per hour. (*Id*. at 13.)

The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA. *See Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir. 1989). The Court finds that an hourly rate of $180 per hour takes into account both Plaintiff's counsels' expertise in the immigration field and the increase in the cost of living. The Court will therefore award Plaintiff attorneys' fees at the rate of $180 per

hour for the work performed by attorneys Laura Lichter and Mark Barr.

Plaintiff also requests a rate of $95 per hour for paralegal Meg Allen and $125 per hour for paralegals Magda K. Mobley and Maite Lara-Roca. (ECF No. 69-3 at 10.) While these amounts do not exceed the statutory threshold, the Court must still determine the reasonableness of this request. Neither party provides the Court with any information regarding the market rate for paralegal services. However, the EAJA sets the hourly rate for attorney compensation at $125 per hour and, using this as a comparator, the Court finds will attribute a rate of $100 per hour to the paralegal work.

Finally, Plaintiff requests a rate of $125 per hour for L. Ari Weitzhandler, a law clerk. The title "law clerk" typically means that this individual is a law student or, if he or she has graduated, not yet admitted to the bar. As this title suggests a lack of licensure and experience, the Court finds that the appropriate rate for L. Ari Weitzhandler is $90 per hour.

2. Apportionment Based on Success on the Issues

When a plaintiff brings claims that are clearly separable, and prevails on only one of those claims, the Court should award fees on only those portions of the case in which the plaintiff prevailed. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("The congressional intent to limit awards to prevailing parties requires that . . . unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."). However, when a plaintiff achieves more than "partial or limited success", the Court need not apportion the fee award, even if the plaintiff did not prevail on all issues raised. *Id*.; *see also Naekel v. Dep't of Transp.*, 884 F.2d 1378, 1379 (Fed. Cir. 1989) (awarding full fees when plaintiff

"prevailed in the main").

Defendants also contend that Plaintiff should not be compensated for all of the hours her attorneys worked because she did not prevail on all of the issues brought in this case. (ECF No. 72 at 15.) Specifically, Defendants argue that Plaintiff prevailed only on the Motion to Dismiss and that all hours spent on other issues (*e.g.*, settlement discussions, attendance at status conferences, researching and drafting pleadings other than the Motion to Dismiss) should not be included in the EAJA award. (*Id.*) Plaintiff contends that her EAJA fee request did not include fees for "unsuccessful" work and, therefore, Defendants' request to reduce the fee award is "an academic one". (ECF No. 76 at 9.)

Having reviewed the billing statement submitted, the Court finds that, for the most part, Plaintiff has not included time spent by attorneys Lichter and Barr on unsuccessful aspects of the litigation. The fee request includes only a few entries—totaling less than one hour—in which it is obvious that Mr. Barr spent time working on unsuccessful issues. Because these issues are separable and Plaintiff did not prevail, the Court will not include this portion of one hour in its final award.

However, the requested fee award for law clerk L. Ari Weitzhandler includes more than twenty hours spent by researching and analyzing the *nunc pro tunc* issue, which was only relevant to Plaintiff's unsuccessful Motion for Summary Judgment. (*See* ECF Nos. 46 & 67.) Because the question of whether Plaintiff's self-petition should have (or could have) been granted *nunc pro tunc* was a completely separate issue from whether the two-year filing deadline was a statute of limitation or a statute of repose, and Plaintiff did not prevail on the *nunc pro tunc* issue, the Court will not include the

time spent by L. Ari Weitzhandler researching and analyzing the *nunc pro tunc* issue in its final award. See *Hensley*, 461 U.S. at 435.

Defendants also contend that Plaintiff should not recover for time spent attending status conferences or settlement discussions. The Court disagrees. Especially considering the fact that the Court has already reduced the hourly rate requested by Plaintiff for the attorneys and support staff, the Court finds it unnecessary to further reduce the fee requested to account for time spent on issues such as settlement and status conferences.

Accordingly, the Court will award fees as follows:

| Professional | Rate Requested | Rate Awarded | Hours Requested | Hours Awarded | Total |
|---|---|---|---|---|---|
| Meg Allen | $95/hour | $100/hour | 3.2 | 3.2 | $304 |
| Magda Mobley | $125/hour | $100/hour | 0.6 | 0.6 | $60 |
| Maite Lara-Roca | $125/hour | $100/hour | 0.6 | 0.6 | $60 |
| L. Ari Weitzhandler | $125/hour | $90/hour | 62.2 | 39.3 | $3,537 |
| Mark Barr | $250/hour | $180/hour | 48.9 | 48.2 | $8,676 |
| Laura Lichter | $325/hour | $180/hour | 33.4 | 33.4 | $6,012 |

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorneys' Fees, Costs, and Other Expenses under the Equal Access to Justice Act (ECF No. 69) is GRANTED in so far as it seeks an award of fees and costs under the EAJA but DENIED as to the full amount of fees requested;

2.       Plaintiff is AWARDED attorneys' fees in the amount of **$18,649;** and

3.       Plaintiff is AWARDED costs and expenses in the amount of **$155.62.**

Dated this 26th day of June, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge